IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2013

# BRANDON NEAL v. STATE OF TENNESSEE

**Appeal from the Criminal Court of Hamilton County**
**No. 284432    Don W. Poole, Judge**

## No. E2012-01563-CCA-R3-PC-FILED-JANUARY 30, 2013

Brandon Neal ("the Petitioner") filed for post-conviction relief from his guilty pleas to attempted carjacking and aggravated assault, alleging that the Tennessee Department of Correction ("TDOC") violated his due process rights by miscalculating his sentences and that TDOC's actions have rendered his pleas constitutionally infirm. The post-conviction court summarily denied relief, and this appeal followed. Upon our thorough review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Brandon Neal, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Kyle Hixson, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

According to his petition for post-conviction relief, the Petitioner pled guilty on July 5, 2007, to attempted carjacking in case number 253537. He received a plea-bargained Range I sentence of four years to be served in TDOC. On November 13, 2007, the Petitioner pled guilty to aggravated assault in case number 265198 and, pursuant to his plea-bargain, received a sentence of four years' probation to be served consecutively to his sentence in case number 253537. The Petitioner's sentence in case number 253537 expired on December 26, 2009, and he was released from TDOC. The Petitioner then began serving his probationary sentence in case number 265198.

On March 28, 2010, the Petitioner was "charged and jailed for [a]ggravated [a]ssault." As a result, the Petitioner's probation on case number 265198 subsequently was revoked and his four-year sentence "reinstated." The Petitioner pled guilty to the second aggravated assault (case number 276370) and, pursuant to his plea-bargain, was sentenced to ten years "at 35%, to be served on probation after he had served the remainder of the sentence incarcerated in case number 265198."

Thereafter, according to the petition, in 2012, TDOC "altered the Petitioner's 4 year sentence by reinstating the expired sentence in case number 253537 effectively lengthening the Petitioner's 4 year sentence into an 8 year sentence; and also extended the sentence expiration date of the 4 year sentence as well."

The Petitioner filed his petition for post-conviction relief on July 9, 2012, attaching copies of his judgments, copies of "TOMIS" letters from TDOC, copies of print-outs specifying sentence credits, and a copy of a letter dated May 3, 2012, from an "Adm. Serv. Asst." of the Office of the General Counsel of TDOC. This letter states that it is in response to the Petitioner's petition for a declaratory order regarding the Petitioner's sentence calculations, and it denies the requested petition. The letter recites that the Petitioner's sentence in case number 253537 expired on December 26, 2009, and that, as of the date of the letter, his sentence in case number 265198 expires on November 29, 2013. The Petitioner alleged as grounds for post-conviction relief that TDOC's actions constituted a breach of his plea agreements in cases 253537 and 265198, violated his due process rights, and rendered his pleas in those cases constitutionally infirm. The Petitioner also alleged that TDOC improperly calculated his service credits in these cases.

The post-conviction court summarily denied the Petitioner's petition for post-conviction relief by written order filed July 16, 2012, noting first "that neither the expiration of a sentence nor a clerical error in a judgment is a ground for post-conviction relief." The court then elected to treat the petition as one for habeas corpus relief and/or a motion for correction of clerical errors in a judgment.

The court denied habeas corpus relief on the basis that the Petitioner was not being confined pursuant to an expired sentence. The court explained:

From the record, it does appear that, as [TDOC] acknowledges in its May letter, which is more recent than the April TOMIS offender sentence letter, the sentence in case 253537 has expired and is not a cause of the petitioner's present confinement. The sentence in case 265198, however, was consecutive to the sentence in case 253537. In case 265198, the sum of pre-plea and pre-revocation jail credit (16 June 2007, 5 July - 13 November 2007, 16 April 2010

-2-

- 12 May 2011, or about one year, four months) and post-revocation confinement (12 May 2011 - the present, or about one year, two months) is only about two years, six months, less than the length of the four-year sentence.

The court also disagreed that the Petitioner's allegation "that the omission of jail credits for post-judgment confinement or probation or the omission of behavior credits" constituted a clerical error in the judgments, and, accordingly, also denied relief on that basis.

The court recognized that "[t]he remedy for sentence miscalculations by [TDOC], a state agency, lies under the Uniform Administrative Procedures Act" and, therefore, that it lacked jurisdiction to address the Petitioner's actual complaint. Accordingly, the court summarily dismissed the Petitioner's petition for post-conviction relief. The Petitioner timely appealed.

**Standard of Review**

This Court reviews de novo a post-conviction court's summary dismissal of a petition for post-conviction relief. See Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004).

**Analysis**

Relief pursuant to a post-conviction proceeding is available only where the petitioner demonstrates that his or her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). Examples of claims which are cognizable under the Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122 (2012), include claims that the petitioner's lawyer provided ineffective assistance of counsel at trial, see, e.g., Pylant v. State, 263 S.W.3d 854, 868 (Tenn. 2008), and claims that the petitioner's guilty plea was constitutionally infirm. See, e.g., Sexton v. State, 151 S.W.3d 525, 531-33 (Tenn. Crim. App. 2004).

Although the Petitioner has attempted to characterize his claim for relief as arising from constitutionally infirm guilty pleas, we agree with the post-conviction court, and the State on appeal, that this matter is not cognizable in a post-conviction proceeding. It is clear that the gravamen of the Petitioner's complaint is TDOC's calculation of his sentences. TDOC's calculations were made long after the Petitioner entered his guilty pleas.[1] TDOC's

---

[1] Although the Petitioner focuses his complaints on TDOC, he apparently fails to understand that,
(continued...)

actions do not render the Petitioner's guilty pleas constitutionally infirm. Moreover, as recognized by the post-conviction court, actions taken by TDOC regarding a defendant's sentence calculation do not form a basis for a claim under the Post-Conviction Procedures Act. See Rendell Corey Jones v. James T. Fortner, Warden, No. E2009-00233-CCA-R3-HC, 2009 WL 3364354, at *3 (Tenn. Crim. App. Oct. 20, 2009) (holding that complaints of improper sentence calculation do not fall within the purview of the Post-Conviction Procedures Act); Rodney Welch v. State, No. W2008-01179-CCA-R3-PC, 2009 WL 1741394, at *2 (Tenn. Crim. App. June 15, 2009) (affirming summary dismissal of petition containing the words "post-conviction" where petitioner alleged sentence had been improperly calculated). Rather, the Petitioner's proper avenue of relief , if any is due him, is under the Uniform Administrative Procedures Act. See Tenn. Code Ann. §§ 4-5-101 to -325 (2011).

We also agree with the post-conviction court that the Petitioner has failed to demonstrate that he is entitled to habeas corpus relief. Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, habeas corpus has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn.1968); Tenn. Code Ann. § 29-21-101 (Supp. 2011). The "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) and Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

---

[1](...continued)
upon revocation of his probation in case number 265918 on May 12, 2011, the trial court had the authority (which it evidently exercised) to "order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly." Tenn. Code Ann. § 40-35-310(a) (2010). As pointed out by the post-conviction court, the copy of the judgment order reflecting the revocation of probation, attached by the Petitioner to his pleading, indicates pretrial and pre-revocation jail credits totaling approximately sixteen months. Four years from May 12, 2011, less sixteen months, results in a sentence expiration date of approximately January 11, 2014, excluding any sentence reduction credits. As set forth above, TDOC has calculated this sentence to expire on November 29, 2013.

While the imposition of an illegal sentence by a trial court may entitle a defendant to habeas corpus relief, see, e.g., Cantrell v. Easterling, 346 S.W.3d 445, 453 (Tenn. 2011), the Petitioner does not complain that the trial court sentenced him to an illegal sentence in either case number 253537 or case number 265198. Rather, as set forth above, the Petitioner is complaining about actions taken by TDOC after the trial court imposed sentence. TDOC's actions do not render the Petitioner's judgments void. Nor do TDOC's actions render illegal the sentences imposed by the trial court. Accordingly, the Petitioner is not entitled to habeas corpus relief on this basis.

Finally, we agree with the trial court that the Petitioner has not established that he is entitled to the correction of a clerical error in his judgments. See Tenn. R. Crim. P. 36. Again, the Petitioner's complaint stems from actions taken by TDOC, not from actions taken by the trial court in filling out the judgment orders. Accordingly, the Petitioner is entitled to no relief on this basis.

In sum, we hold that the post-conviction court committed no error in summarily dismissing the Petitioner's petition.

### Conclusion

For the reasons set forth above, we affirm the judgment of the post-conviction court.

_____
JEFFREY S. BIVINS, JUDGE

-5-